UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X  Via ECF

JOFFRE M. MATTERA,                         :
                                              08 CIV 4040 (RJH)
        Plaintiff,                   :

    -against-                             :
                                              **ANSWER**
JP MORGAN CHASE CORP., and JOHN F.,        :
O'NEILL, JR (in his Official and Individual capacities
pursuant to NYEL §§ 290 *et seq.*),        :

        Defendants.                  :
------------------------------------------ X

    JPMorgan Chase Bank, N.A. (erroneously sued herein as Defendant "JP Morgan Chase Corp.") ("JPMorgan Chase") and Defendant John F. O'Neill, Jr. ("O'Neill") (collectively, "Defendants"), by their attorneys, the JPMorgan Chase Legal & Compliance Department, Stacey L. Blecher, Assistant General Counsel, as and for their Answer to the Complaint of Plaintiff Joffre D. Mattera ("Plaintiff"), state as follows:

## AS TO PRELIMINARY STATEMENT

    1.    Deny each and every allegation set forth in the Preliminary Statement of the Complaint, except state that Plaintiff purports to bring claims for alleged age discrimination and retaliation against Defendants under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), and the New York State Human Rights (Executive) Law, §§ 290 *et seq.* ("NYSHRL").

167713:v1

## AS TO JURISDICTION

2. The allegations set forth in Paragraph 1 of the Complaint constitute invocations as to jurisdiction as to which no response is required. To the extent that a response is required, the allegations set forth in Paragraph 1 are denied.

3. The allegations set forth in Paragraph 2 of the Complaint constitute invocations as to jurisdiction as to which no response is required. To the extent that a response is required, the allegations set forth in Paragraph 2 of the Complaint are denied.

## AS TO VENUE

4. The allegations set forth in Paragraph 3 of the Complaint constitute invocations as to venue as to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 3 of the Complaint, and state that venue is proper in the Southern District of New York, where the present action has been brought.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the Paragraph 4 of the Complaint, except state that JPMorgan Chase's records reflect that Plaintiff is a resident of Brightwaters, New York.

6. Defendants deny the allegations set forth in Paragraph 5 of the Complaint, and state that JPMorgan Chase (a wholly-owned subsidiary of JPMorgan Chase & Co., a Delaware Corporation) is a national banking association organized under the laws of the United States, with a principal place of business located in New York at 270 Park Avenue, New York, New York 10017 and that venue is proper in the Southern District of New York, where the present action has been brought.

167713:v1

## AS TO PARTIES

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

8. Deny each and every allegation set forth in Paragraph 7 of the Complaint.

9. The allegations set forth in Paragraph 8 of the Complaint seek a legal conclusion as to whether JPMorgan Chase is an employer under the ADEA and Title VII, as to which no response is required.

10. The allegations set forth in Paragraph 9 of the Complaint seek a legal conclusion as to whether JPMorgan Chase is an employer under the ADEA and Title VII, as to which no response is required.

11. Deny each and every allegation set forth in Paragraph 10 of the Complaint, except state that Plaintiff commenced his employment with The Chase Manhattan Bank, a predecessor entity of JPMorgan Chase, on December 31, 1985.

12. Deny each and every allegation set forth in Paragraph 11 of the Complaint.

13. Admit the allegations set forth in Paragraph 12 of the Complaint.

14. Deny each and every allegation set forth in Paragraph 13 of the Complaint.

15. Deny each and every allegation set forth in Paragraph 14 of the Complaint.

16. Deny each and every allegation set forth in Paragraph 15 of the Complaint.

17. Deny each and every allegation set forth in Paragraph 16 of the Complaint.

18. Deny each and every allegation set forth in Paragraph 17 of the Complaint.

19. Deny each and every allegation set forth in Paragraph 18 of the Complaint.

20. Deny each and every allegation set forth in Paragraph 19 of the Complaint.

21. Deny each and every allegation set forth in Paragraph 20 of the Complaint.

22. Deny each and every allegation set forth in Paragraph 21 of the Complaint.

23. Deny each and every allegation set forth in Paragraph 22 of the Complaint, and state that Carol Lai advised O'Neill, in sum and substance, that she told Plaintiff that he needed to think before he (Plaintiff) spoke at weekly staff meetings because he (Plaintiff) usually said something wrong due to his lack of understanding of the priorities.

24. Deny each and every allegation set forth in Paragraph 23 of the Complaint, except state that on or about June 23, 2006, Plaintiff received a final Written Warning based upon his performance.

25. Deny each and every allegation set forth in Paragraph 24 of the Complaint, except state that Plaintiff met with Robin L. Yudkoff ("Yudkoff"), currently an Executive Director, Human Resources Business Partner, on or about August 3, 2006 to complain about his Written Warning.

26. Deny each and every allegation set forth in Paragraph 25 of the Complaint, except state that Yudkoff asked Plaintiff to submit any rebuttal to his Written Warning in writing.

27. Deny each and every allegation set forth in Paragraph 26 of the Complaint, except state that Plaintiff submitted his written rebuttal to his Written Warning and subsequently met with Yudkoff and O'Neill on or about August 17, 2006 to discuss Plaintiff's written rebuttal.

28. Deny each and every allegation set forth in Paragraph 27 of the Complaint, except that Yudkoff and O'Neill reiterated to Plaintiff that his performance needed improvement.

167713:v1

29.    Deny each and every allegation set forth in Paragraph 28 of the Complaint, except state that, in response to Plaintiff's query as to whether he was being fired, O'Neill told Plaintiff that he was a "nice guy" and that he (Plaintiff) was being given thirty (30) days to improve his performance by meeting agreed upon objectives and that failure to meet those objectives would result in Plaintiff's termination.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 29 of the Complaint. Deny each and every remaining allegation set forth in Paragraph 29 of the Complaint.

31.    Deny each and every allegation set forth in Paragraph 30 of the Complaint, except state that on or about September 25, 2006, Plaintiff spoke to Merrill Winter ("Winter") from JPMorgan Chase's Employee Relations Advice Connection (ERAC) and advised Winter that he (Plaintiff) had been performing poorly and, as a result, thought his (Plaintiff's) employment would be terminated.

32.    Deny each and every allegation set forth in Paragraph 31 of the Complaint.

33.    Deny each and every allegation set forth in Paragraph 32 of the Complaint, except state that on or about September 25, 2006, O'Neill and Yudkoff communicated to Plaintiff the decision to terminate Plaintiff's employment based upon his substandard performance (which had been approved by O'Neill's manager on September 19, 2006).

34.    Deny each and every allegation set forth in Paragraph 33 of the Complaint.

35.    The allegations set forth in Paragraph 34 of the Complaint constitute invocations as to exhaustion of remedies as to which no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a

167713:v1

belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and refer to the Notice of Right to Sue issued by the EEOC for its content and meaning.

### AS TO AS AND FOR PLAINTIFF'S CLAIMS OF AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND NYSHRL

36. In response to Paragraph 35 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 34 with the same force and effect as though fully set forth herein.

37. The allegations set forth in Paragraph 36 of the Complaint seek a legal conclusion as to whether Plaintiff was protected under the ADEA, as to which no response is required.

38. Deny each and every allegation set forth in Paragraph 37 of the Complaint.

39. Deny each and every allegation set forth in Paragraph 38 of the Complaint.

40. Deny each and every allegation set forth in Paragraph 39 of the Complaint.

41. Deny each and every allegation set forth in Paragraph 40 of the Complaint.

42. Deny each and every allegation set forth in Paragraph 41 of the Complaint.

### AS TO AS AND FOR PLAINTIFF'S CLAIMS OF RETALIATION IN VIOLATION OF TITLE VII AND THE NYSHRL

43. In response to Paragraph 42 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 41 with the same force and effect as though fully set forth herein.

44. Deny each and every allegation set forth in Paragraph 43 of the Complaint.

45. Deny each and every allegation set forth in Paragraph 44 of the Complaint.

46. Deny each and every allegation set forth in Paragraph 45 of the Complaint.

47. Deny each and every allegation set forth in Paragraph 46 of the Complaint.

167713:v1

48.     The allegations set forth in the "Wherefore" section of the Complaint constitute a demand for relief as to which no response is required. To the extent that Defendants are required to respond to the allegations of the "Wherefore" section, JPMC Defendants deny that Plaintiff is entitled to any or all of the remedies or relief sought therein

## AS TO DEMAND FOR TRIAL BY JURY

49.     Defendants reserve their response to Plaintiff's jury demand at this time.

## AFFIRMATIVE DEFENSES

Defendants assert they only bear the burden of proof on those matters identified as affirmative defenses in Rule 8(c) of the Federal Rules of Procedure. Defendants set forth their defenses to Plaintiff's claims as follows:

## FIRST AFFIRMATIVE DEFENSE

50.     The Complaint, or portions thereof, fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

51.     At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

## THIRD AFFIRMATIVE DEFENSE

52.     Any and all actions taken by Defendants with respect to Plaintiff's employment were based on legitimate, non-discriminatory business reasons and were without any discriminatory animus.

## FOURTH AFFIRMATIVE DEFENSE

53. The Complaint fails to establish any evidence of age discrimination. Any and all actions taken with regard to Plaintiff were based on legitimate business decisions totally unrelated to Plaintiff's age and were without any discriminatory animus.

## FIFTH AFFIRMATIVE DEFENSE

54. The Complaint fails to establish any evidence of retaliation. Any and all actions taken with regard to Plaintiff were based on legitimate business decisions and were without any retaliatory animus.

## SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff was at no time employed by O'Neill.

56. O'Neill is not a proper party defendant herein.

## SEVENTH AFFIRMATIVE DEFENSE

57. All or part of the damages sought are not available under the federal or local laws upon which this Complaint is based.

## EIGHTH AFFIRMATIVE DEFENSE

58. The Complaint, or portions thereof, is barred by Plaintiff's own actions.

## NINTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims for punitive damages are barred in that Defendants did not act maliciously or with reckless indifference toward Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims for damages are barred in that he has failed to mitigate his alleged damages, if any.

167713:v1

WHEREFORE, Defendants respectfully pray that the Court:

 (a) Enter judgment dismissing the Complaint in its entirety;

 (b) Deny the demands and requests for relief contained in the Complaint;

 (c) Award Defendants reasonable attorneys' fees, costs and disbursements; and

 (d) Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 7, 2008

**JPMorgan Chase Legal & Compliance Department**

By: _____
Stacey L. Blecher, Esq.
Attorneys for Defendants
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3814
Stacey.L.Blecher@Chase.com

To: Scott Michael Mishkin, Esq.
Scott Michael Mishkin, P.C.
Attorney(s) for Plaintiff
One Suffolk Square, Suite 240
Islandia, New York 11749
(631) 234-1154
MishkinEsq@optonline.net

167713:v1